UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIKE BODY WERKS, INC., an Illinois Corporation GENEVA REPAIR SHOP INC., an Illinois Corporation, NICNAT LLC, an Illinois Limited Liability Company, and PASQUALE ROPPO, an individual,<br><br>       Plaintiffs,<br><br>v.<br><br>BYLINE BANKCORP, INC., and its primary subsidiary, BYLINE BANK, as successor in interest to RIDGESTONE BANK, its successors and assigns,<br><br>       Defendants. | Case No. 20-cv-4771<br><br>Judge Jeffrey I. Cummings |

## JOINT STATUS REPORT

Pursuant to the Court's Order entered on November 21, 2023, the parties, by their respective counsel, submit the following joint status report.

**I.    Nature of the Case**

    A.    Identify the attorneys of record for each party.

        For Plaintiffs, Nicholas R. Recchia, lead trial attorney.

        For Defendants, Peter D. Sullivan, lead trial attorney.

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990).

        Federal question jurisdiction premised on claim of discrimination on the basis of national origin in violation of the Equal Credit Opportunity Act.

C. Briefly describe the nature of the claims asserted in the complaint and the counter-claims and/or third-party claims and/or affirmative defenses.

    Plaintiffs claim that Defendants violated the Equal Credit Opportunity Act (ECOA) by declining to provide Plaintiffs with a line of credit. Plaintiffs claim Defendants discriminated against Plaintiffs on the basis of Plaintiff Roppo's Italian national origin.

D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.

    Plaintiffs seek to recover the amounts they owe on loans made by Defendant Byline Bank to Plaintiffs. Plaintiffs also seek to recover lost profits.

E. List the names of any parties who have not yet been served.

    None.

## II. Discovery and Pending Motions

A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.

    No motions pending.

B. What is the current discovery schedule?

    All discovery is closed.

C. Briefly describe all facts and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.

    Each side served and responded to interrogatories and document requests. Two depositions have been taken, Mr. Roppo and Michael Van Ede a representative of Defendant Byline Bank.

D. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.).

    Plaintiffs original Complaint asserted claims for discrimination based on race and national origin in violation of the ECOA, and also asserted state law claims. The Court granted Defendants' motion to dismiss Plaintiffs' claim for discrimination based on race and Plaintiffs' state law claims, but denied Defendants' motion to dismiss Plaintiffs' claim for discrimination based on national origin. The Court gave Plaintiffs' leave to file an amended complaint. Doc. No. 19, 8/27/21 Order.

    On September 23, 2021, Plaintiffs filed a First Amended Complaint asserting a claim for discrimination based on national origin and state law claims. Doc. No. 22. Defendants moved to dismiss the state law claims based on the Illinois Credit

Agreement Act. The Court granted Defendants' motion to dismiss Plaintiffs' state law claims in the Amended Complaint. Doc. No. 37, 6/9/22 Order.

Thus, the sole remaining claim at issue is Plaintiffs' claim for discrimination based on national origin in violation of the ECOA.

Plaintiffs disclosed one expert on damages, Mr. Pappas, and submitted an expert report by Mr. Pappas to Defendants on May 22, 2023. Defendants moved to strike the expert disclosure and report, as not complying with FRCP 26(a)(2). In an Order entered on 10/3/23, the Court granted Defendants' motion and struck Plaintiffs' expert disclosure and report. Doc. No. 60.

### III. Trial

A. Have any of the parties demanded a jury trial?

Plaintiffs made a demand for jury trial.

B. What is the trial date (If any)? If there is a trial date, are the parties prepared to have a trial on an earlier date? If there is no trial date, when will the parties be ready for?

No trial date has been set yet.

C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?

No final pretrial order filed yet. No deadline has been set yet for filing final pretrial order.

D. Estimate the number of trials days.

3-5 days.

### IV. Settlement, Referrals, and Consent

A. Have any settlement discussions taken place? If so, what is the status?

No significant settlement discussions have taken place. The parties are very far apart in settlement. Settlement is not likely.

B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

No.

C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

No.

D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to the procedure?

    The parties do not consent to proceeding before the Magistrate Judge for all purposes including trial and entry of a final judgment.

V. **Other**

A. Is there anything else that the plaintiff(s) wants the Court to know?

    Plaintiff plans to file a motion for summary judgment and requests that the Court set a deadline in late February for the parties to file motions for summary judgment.

B. Is there anything else that the defendant(s) wants the Court to know?

    There is a pending Illinois State Court case filed by Byline Bank against plaintiffs, where Byline Bank seeks foreclosure and recovery on the loans it made to plaintiffs. That case has been stayed due to recent Bankruptcy filings by Plaintiffs Spike Body Werks, Inc., Geneva Repair Shop, Inc. and Nicnat, LLC, Bankruptcy Case Nos. 23-13885 (Spike), 23-13878 (Geneva) and 23-15379 (Nicnat).

    Defendants plan to file a motion for summary judgment and request that the Court set a deadline in late February for the parties to file motions for summary judgment.

BYLINE BANCORP, INC. and BYLINE BANK

/s/ *Peter D. Sullivan*
Attorney for Defendants

Peter D. Sullivan – ARDC 6481940
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000 | Facsimile: 312-704-3001
psullivan@hinshawlaw.com

SPIKE BODY WERKS, INC., an Illinois Corporation GENEVA REPAIR SHOP INC., an Illinois Corporation, NICNAT LLC, an Illinois Limited Liability Company, and PASQUALE ROPPO, an individual

/s/ *Nicholas R. Recchia*
Attorney for Plaintiffs

4

Nicholas R. Recchia – ARDC No. 6309973
Attorney at Law
1701 E. Woodfield Road, Suite 925
Schaumburg, Illinois 60173
Telephone: 847-619-3000
recchialaw@aol.com